UNITED STATES of America

v.

Michael DANIELS.

Crim. Nos. 84–00050–B, 84–00051–B and 87–00047–B.

United States District Court, D. Maine.

May 2, 1990.

**112**

Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., for plaintiff.

Michael Daniels, Fort Worth, Tex., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO CORRECT AN INACCURATE PRESENTENCE REPORT AT SENTENCING

GENE CARTER, Chief Judge.

The above-entitled matters are before the Court on papers entitled "Motion Pursuant to Title 18, U.S.C. Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, to Correct an Inaccurate Presentence Report at Sentencing," and supporting papers, which have been sent by mail to Judge Conrad K. Cyr, presently of the Court of Appeals for the First Circuit and former Chief Judge of this District, by envelopes bearing postmarks of April 12 and April 20, 1990. The papers have never been sent to the Clerk of this Court or proposed in any formal way for filing in this Court. The papers have been referred to this judge, as the Chief Judge of the District, by Judge Cyr for appropriate action.

It must first be observed that in the absence of any filing of these papers, there is no basis for this Court to take any action on the purported motion. This Court has, however, carefully reviewed the papers and is convinced that the Court cannot act favorably to the Defendant on the motion because of lack of subject matter jurisdiction. Accordingly, in order to conserve judicial resources and to avoid delaying the Defendant in the pursuit of whatever rightful claims he may have in courts of appropriate jurisdiction, the Court hereby *ORDERS* that the purported motion be *FILED* herein under Misc. No. 90–044–P as a motion for relief under 28 U.S.C. § 2255. The Court hereby *WAIVES* the filing fee, noting that in the underlying criminal proceedings the Defendant was found to be indigent and had the benefit of court-appointed counsel and other defense resources under the Criminal Justice Act, 18 U.S.C. § 3006A.

The motion sets forth a claim asking the Court "to correct the inaccurate, misleading, and unreliable innuendos in his Presentence Investigating [sic] Report submitted by the Probation Department, and considered by the Federal Bureau of Prisons, and the U.S. Parole Commission." Motion at 1. The motion sets forth various allegations of inadequate or inaccurate information allegedly provided in the Presentence Investigation Report. *Id.* at 8–9. The motion displays that the gravamen of Defendant's complaint at the present time is that the United States Parole Commission has changed an initially assigned parole date of July 11, 1990 to February 11, 1991. Defendant asserts in the motion that this action was taken on the basis of inaccurate information contained in the Presentence Investigation Report and a certain letter of United States Probation Officer Donald A. Hawley, dated March 1, 1990, to Victor M.F. Reyes of the United States Parole Commission, apparently responding to a request from the Commission for further factual information as to the circumstances of the criminal offenses upon which Defendant stands convicted. Defendant asserts that the contents of the letter are inaccurate. Defendant seeks to be released on the original July 11, 1990 parole date. The motion's prayer for relief states as follows:

> THERFORE [sic], the Defendant Prays the Court grant evidentiary [sic] hearing for resentencing and, or deleting all the inaccurate erroneous, and unreliable information by appending [sic] his P.S.I. so that he may apply for a parole hearing

consideration with accurate and reliable information or, other relief the court deems [sic] in this case.

Motion at 11.

It is apparent that the Defendant asserts a claim that he is aggrieved by the action of the United States Parole Commission in altering his initial parole eligibility date on the basis of information he asserts was obtained in a letter from Mr. Hawley and the contents of the Presentence Investigation Report. The relief he seeks is an amendment of the report in order that he may go back before the United States Parole Commission and seek to have the initial parole eligibility date reestablished in his case. Thus he launches by the motion no attack upon the legality of the sentences as they were imposed upon him in this district. Rather, he is challenging the legality of the circumstances under which the sentences, treated as legally imposed, are required to be executed. The specific issue generated by the motion is whether the Parole Commission has properly determined that period of the sentences of incarceration Defendant must actually serve before being eligible for admission to parole.

The Court notes the absence of subject matter jurisdiction over the pending motion on whatever basis it is to be regarded. First, the motion cannot be treated as a viable Rule 35 motion[1] because the 120–day period within which such motions must be filed has long ago expired. Sentence was imposed in these matters on March 11, 1988, so this motion, treated as filed as of today, is filed more than two years after the imposition of sentence. The requirement that such a motion under Rule 35 be filed within 120 days of the imposition of sentence is jurisdictional. *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979); *United States v. Ames,* 743 F.2d 46, 48 (1st Cir.1984), *cert denied,* 469 U.S. 1165, 105 S.Ct. 927, 83 L.Ed.2d 938 (1985). The filing of a motion after expiration of the period cannot relate back to a prior timely filed motion.[2] *United States v. United States District Court,* 509 F.2d 1352, 1356 (9th Cir.), *cert. denied, sub nom. Roselli v. United States,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Dickenson,* 673 F.Supp. 2, 3 (D.Me.1987).

Second, the provisions of 28 U.S.C. § 2241 have been interpreted to require a

---

**1.** Rule 35 in the form applicable to this matter reads as follows:

 **(a) Correction of Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

 **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed.R.Crim.P. 35 (Rule Applicable to Offenses Committed Prior to November 1, 1987).

 Subparagraph (a) of the Rule is inapplicable here because the motion does not set forth any challenge to the legality of the sentence as it was imposed, but only a challenge to the manner of

*execution* of the sentence, *e.g.,* the determination of the portion of the sentence he must serve before becoming eligible for admission to parole. Thus, the motion must meet the requirements of the 120–day period prescribed in subsection (b) of the Rule in order for the Court to have jurisdiction over any request for reduction of sentence.

**2.** The docket entries in each of case Nos. 87–00047–B and 84–00050–B–01 indicate that Defendant filed a motion for reduction of sentence on November 13, 1989, and that in each case, the District Court (per Cyr, C.J.) entered its order on December 12, 1989 dismissing the motion. Thus, there is not in either case any pending motion for reduction of sentence which has not yet been acted upon.

 In Case No. 84–00051–B–01, docket entries reflect that a judgment of discharge was entered in this case on August 9, 1989. There is not in the docket entries any indication that any judgment or sentence was ever imposed in this case, although the entries do reflect that on February 16, 1988 the case was scheduled for sentencing on March 11, 1988. The docket entries do not reflect in that case that sentence was ever, in fact, imposed. Nor do the entries reflect the filing of any motion for reduction of sentence therein.

defendant to seek relief through the administrative procedures provided to him by the Bureau of Prisons before seeking judicial intervention. *See Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir.1987); *Moore v. DeYoung,* 515 F.2d 437, 442 (3d Cir.1975). The motion as now filed does not indicate in any way that any available administrative procedures have been exhausted by this Defendant.

 Third, and more important, the Defendant is required to seek relief on the grounds asserted in this motion pursuant to 28 U.S.C. § 2241 rather than § 2255 since the challenge made here is to the execution of his sentence rather than to the *legality* of the sentence or its imposition. *See Thompson v. United States,* 536 F.2d 459, 460–61 (1st Cir.1976). Motions made under § 2241[3] must be filed in the district having jurisdiction over the person of the defendant, *e.g.,* the place of incarceration. *United States v. Gardiner,* 666 F.Supp. 267, 270 (D.Me.1987), and cases there cited. In this case the place of Defendant's present incarceration appears to be the District of Texas. Therefore, a motion pursuant to § 2241 in this case cannot be entertained in this district.

Accordingly, Defendant's motion as denominated,[4] treated as a motion pursuant to 28 U.S.C. § 2255, the only basis upon which it may be initially entertained by this Court, is hereby DISMISSED for lack of subject matter jurisdiction.

So ORDERED.

---

**3.** The statute provides in pertinent part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a *circuit judge* shall be entered in the records of the district court of the district wherein the restraint complained of is had.
28 U.S.C. § 2241.

**4.** In the title of the motion, Defendant suggests that the motion is postured pursuant to the provisions of Rule 32(c)(3)(D). That rule, however, applies only to the procedures to be followed at the initial sentencing proceeding. It does not, by its terms, create any relief or provide any remedy for deficiencies in complying with the provisions of that subsection of Rule 32. Claims based upon such alleged deficiency must be asserted either under Rule 35, 28 U.S.C. § 2255, where it is contended that the deficiencies render the sentence illegal, or 28 U.S.C. § 2241, where it is claimed that the deficiencies result in illegalities in the execution of the sentence. In any event, Fed.R.Crim.P. 32(c)(3)(D) does not afford this Court any jurisdictional basis upon which to act favorably upon the claims set forth in Defendant's motion.