Alfonso GONZALEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV.A. 01–10073–RGS.

United States District Court,
D. Massachusetts.

May 31, 2001.

Alfonso Gonzalez, Ayer, MA, for Pro se.

## MEMO AND ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

STEARNS, District Judge.

I adopt the well reasoned Report of the Magistrate Judge and her Recommendation that the petition be *DISMISSED*.

SO ORDERED.

*REPORT AND RECOMMENDATION ON PETITIONER'S PRO SE REQUEST FOR SUMMARY JUDGMENT AND FOR LEAVE TO FILE AMENDED PETITION*

DEIN, United States Magistrate Judge.

This matter was referred to this court for a report and recommendation on the "Petitioner's Pro Se Request for Summary Judgment" on his petition for habeas corpus relief under 28 U.S.C. § 2241. Also before this court is the "Petitioner's Pro Se Motion for Leave to File Amended Respondent to 28 U.S.C. § 2241 Petition." The motion to amend is ALLOWED. As detailed below, this court recommends that the petitioner's motion for summary judgment be DENIED and that the petition be DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

*BACKGROUND*

On September 23, 1987, the United States Navy frigate MCCLOY encountered the Panamanian tugboat COLOSO II on the high seas. *See United States v. Corpus,* 882 F.2d 546, 548 (1st Cir.1989). After the COLOSO II refused to grant the MCCLOY permission to board, and while the MCCLOY waited for a statement of no objection from the Panamanian government, the MCCLOY observed numerous bales of marijuana in the wake of the COLOSO II. *See id.* at 548–49. When the COLOSO II was eventually boarded, the captain and crew were arrested. *See id.* at 549.

Following a two day jury trial in the United States District Court for the District of Puerto Rico, the captain and the crew members from the COLOSO II, including the defendant, were found guilty of aiding and abetting the possession of marijuana, with an intent to distribute it, in violation of 18 U.S.C. § 2 and 46 U.S.C.App. § 1903(a).[1]  *See id.* at 548. The petitioner was sentenced by that court to a term of thirty (30) years of imprisonment.[2]  The conviction was affirmed on direct appeal by the First Circuit Court of Appeals in *United States v. Corpus,* 882 F.2d 546, 548 (1st Cir.), *cert. denied,* 493 U.S. 958, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). Thereafter, and following several lower court rulings, the First Circuit confirmed that the petitioner and three of his co-defendants are not eligible for parole. *United States v. De Los Santos–Himitola,* 924 F.2d 380, 382 (1st Cir.1991).

The petitioner filed a motion pursuant to 28 U.S.C. § 2255 which was dismissed by the Federal District Court for the District of Puerto Rico on May 31, 1991. (*See id.* at 381; Memorandum of Law in Support of Motion for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 ("Pet' r Mem.") at p. 3). The petitioner then filed a motion pursuant to 28 U.S.C. § 2244 seeking permission from the First Circuit to file a second successive § 2255 petition.

1.  46 U.S.C.App. § 1903(a) provides that "[i]t is unlawful for any person ... on board a vessel subject to the jurisdiction of the United States ... to possess with intent to manufacture or distribute, a controlled substance." A vehicle subject to the jurisdiction of the United States includes "a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C.App. § 1903(c)(1)(C).

2.  The sentences of the petitioner, the captain and one other crew member, Wilfredo Gongora, were harsher than those imposed on the others due to prior criminal records. *See Corpus,* 882 F.2d at 553. Gongora filed a motion to vacate his sentence under 28 U.S.C. § 2255. The District Court dismissed the motion, which was affirmed by the First Circuit in an unpublished decision. *See Gongora v. United States,* 8 F.3d 809, 1993 WL 450337 (1st Cir.1993).

(*See* Pet'r Mem. at pp. 3–4). The First Circuit denied petitioner's request on September 2, 1998. (*See id.*).

### The Current Petition[3]

The petitioner filed the present petition for habeas relief, dated May 27, 1999, pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia (CV299–124). (*See* Pet'r Ex. 1–A). At the time the petition was filed, the petitioner was detained at the Jessup Correctional Institution in Jessup, Georgia. The grounds raised are (1) ineffective assistance of counsel, (2) violation of Federal Rule of Criminal Procedure 32 by failing to allow the petitioner to review his pre-sentence report, and (3) lack of jurisdiction under 46 U.S.C.App. § 1903 in that the vessel was not in jurisdictional waters of the United States. On June 25, 1999, United States District Court Judge Anthony A. Alaimo of the Southern District of Georgia transferred the case to the District of Puerto Rico, ruling that "[w]hile this Court has jurisdiction over this petition, it is the practice of this Court to transfer an action attacking a sentence to the district in which the original criminal proceedings were conducted." (Pet'r Ex. 2–A). The case was assigned to Judge Jose A. Fuste in Puerto Rico and given case number 99–1717(JAF).

On or about October 1999, the petitioner was transferred to the Federal Medical Center–Devens in Ayer, Massachusetts, and he so notified the court in Puerto Rico. (*See* Pet'r Ex. 3–A). On or about June 27, 2000, the petitioner filed a motion for summary judgment in Puerto Rico, contending that since eleven months had passed from the original filing of his petition and there had been no response to the petition from the government, the court should conclude that there were no issues of material fact in dispute as to his § 2241 petition. (Pet'r Ex. 4–A). Gonzalez then requested an order vacating his sentence. (*See id.*).

The United States filed an Opposition to Petitioner's Motion for Summary Judgment in Puerto Rico on August 17, 2000. (*See* Docket # 10, Civil Action No. 99–1717(JAF)). Therein, the government argued that the District of Puerto Rico lacked jurisdiction over the § 2241 petition since the petitioner was not confined in Puerto Rico. In addition, the government argued that the issues raised should properly have been raised on appeal or in a § 2255 petition. Finally, the government claimed that the petition should be dismissed because the petitioner committed a "procedural default" by failing to raise the issues before. For all these reasons, the government claimed, the court lacked jurisdiction over the petition. The government reserved the right to address the petitioner's claims on the merits if ordered to do so by the court.

The petitioner filed an "Objection to the Government's Motion in Opposition" on September 12, 2000, addressing all the points raised by the government. (*See* Pet'r Ex. 6–A).

On December 18, 2000, Judge Fuste issued an Opinion and Order transferring the case to the District of Massachusetts for further consideration. (*See* Pet'r Ex. 8–A). The court reasoned that a court issuing a habeas writ under § 2241 must have jurisdiction over the petitioner's custodian. Because the petitioner is now de-

---

**3.** Copies of relevant proceedings and opinions are attached as exhibits to "Petitioner's Pro Se Motion for Leave to File Amended Respondent to 28 U.S.C. § 2241 Petition," which petition was filed in this court on February 7, 2001. Since these pleadings and orders were filed in cases in different jurisdictions over the years, it is most convenient to refer to their exhibit numbers. Therefore, references will be to "Pet'r Ex. ___."

tained in Massachusetts, the court concluded that it did not have jurisdiction over the petitioner's custodian and could not "entertain Petitioner's Section 2241 petition."

Presently pending before this court is petitioner's Motion for Summary Judgment, and the "Petitioner's Pro Se Motion For Leave to File Amended Respondent to 28 U.S.C. § 2241 Petition" by which the petitioner is seeking to add David Winn, the Warden of the Federal Medical Center–Devens, as a respondent. (*See* Docket # 2). The motion to amend is ALLOWED. This court recommends to the District Judge to whom the case has been assigned that the motion for summary judgment be DENIED. The government had no obligation to respond to the petition on the merits absent a court order, and no such order has been entered. (*See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). Moreover, the government did respond to the motion for summary judgment in Puerto Rico, rendering petitioner's complaint of no response moot.

This court further recommends that this petition be DISMISSED as the petitioner is not entitled to habeas relief under 28 U.S.C. § 2241.

### ANALYSIS

#### 1. *Jurisdiction of this Court*

The current habeas petition now rests in its third district since it was originally filed. As a result, it would be prudent for this court to first determine whether it has jurisdiction to rule on the merits of the petition. *See Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir.2000) ("Federal courts are always under an independent obligation to examine their own jurisdiction, and . . . not entertain an action over which it has no jurisdiction") (internal citations omitted). For the reasons detailed below, I conclude that jurisdiction appropriately rests in this court.

■■■ "Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864 and authorities cited. "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255 . . . ." *Id.* at 864–65 and authorities cited. Such petitions under § 2241 contesting the legality of a sentence must also be heard in the custodial court. *See Hernandez,* 204 F.3d at 865 and cases cited; *Lee v. Wetzel,* 244 F.3d 370 (5th Cir.2001). Thus, regardless of the basis of a claim, "a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian (unlike a § 2255 petition, which must be brought in the sentencing court)." *United States v. Barrett,* 178 F.3d 34, 50 n. 10 (1st Cir.1999), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), and cases cited.

■■ In the instant case, Gonzalez is purporting to proceed under § 2241. For the reasons detailed below, the issues he is raising challenging the legality of his sentence are governed by § 2255. Since, however, both traditional § 2241 claims and § 2241 claims under the savings provision of § 2255 testing the legality of a detention must be brought in the custodial court, jurisdiction is proper in the District of Massachusetts. *See Norton v. United States,* 119 F.Supp.2d 43, 45 (D.Mass.2000) ("[E]ven where the petitioner challenges the validity, rather than the execution of

his sentence ... under § 2241, jurisdiction lies, not in the sentencing court as per section § 2255, but in the district court that has jurisdiction over custodian").

## 2. The Distinction Between Claims Under § 2255 and § 2241

■ A writ of habeas corpus pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (internal citations omitted); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997) (petition pursuant to § 2255 challenges the imposition of a sentence). Thus, " § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.' 28 U.S.C. § 2255, ¶ 1." *Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir.2001).

Congress, in enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA") severely limited a petitioner's right of review under § 2255. Thus, before filing a second or successive § 2255 petition in the district court, the movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* §§ 2244(a) and § 2255; First Circuit Local Rule 22.2. *See also Jamison v. United States*, 244 F.3d 44, 46 (1st Cir.2001) ("the current habeas statute imposes a one-bite rule with a pair of narrow but important exceptions"). As detailed above, Gonzalez previously moved in the First Circuit for leave to file a second petition under § 2255, but permission was denied. He has not sought any

leave to proceed with the present petition which he has styled as a § 2241 petition.

■■ In contrast to § 2255, a "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions." *Jiminian*, 245 F.3d at 146, emphasis in the original. *See also Barrett*, 178 F.3d at 50 n. 10 (petitions pursuant to § 2241 generally attack the execution of a sentence); *Hernandez*, 204 F.3d at 864 ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 ..."); *Pack*, 218 F.3d at 451 ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which the sentence is carried out or the prison authorities' determination of its duration ....") and cases cited. Petitions under § 2241, unlike those brought under § 2255, are not limited. However, the courts are very clear that a petitioner cannot evade the restrictions of § 2255 by resorting to § 2241. *See Barrett*, 178 F.3d at 50–52; *see also Pack*, 218 F.3d at 452 ("[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255") and authorities cited. Since Gonzalez's petition is not appropriately brought under § 2241, it should be dismissed.

## 3. The Instant Petition

The petitioner seeks habeas relief on three grounds: (1) he challenges his conviction and sentence due to alleged ineffective assistance of counsel in violation of the Sixth Amendment; (2) he claims that the sentencing court failed to comply with Fed.R.Crim.P. 32 by not allowing him to review his pre-sentence report; and (3) he

claims that the jurisdictional requirements of 46 U.S.C.App. § 1903 were not satisfied since the COLOSO II was outside the jurisdictional waters of the United States.

▮ None of these grounds challenge the manner, location, or conditions of the petitioner's sentence. Rather, each attacks the validity of the imposition of the sentence, which is generally within the domain of a habeas petition under § 2255. For example, ineffective assistance of counsel claims seeking post-conviction relief are properly brought in a habeas petition pursuant to 28 U.S.C. § 2255. *See United States v. Perez–Carrera,* 243 F.3d 42, 45 (1st Cir.2001). *See also United States v. Osorio–Pena,* First Circuit Court of Appeals, 247 F.3d 14 (1st Cir.2001) (claim of ineffective assistance of counsel should be raised by a habeas petition under 28 U.S.C. § 2255). Similarly, the assertion that the court lacked jurisdiction over the claim falls squarely within the purview of § 2255 which allows a defendant to vacate, set aside or correct his sentence on the grounds that "the court was without jurisdiction to impose such a sentence." *Id.* at 19 n. 3.

Petitioner's claim that he did not review his pre-sentence report and that, therefore, a violation of Fed.R.Crim.P. 32 occurred requires some additional discussion. As an initial matter, it must be noted that the petitioner has not identified any specific errors in his pre-sentence report ("PSI"), nor does he contend that any identifiable error resulted in too lengthy a sentence. Rather, he simply asserts that since he did not have the opportunity to review his PSI, this court should "issue an order vacating his sentence" and order "that a new trial be forth-coming." (Pet'r Mem. at 21). Thus, on its face, it is clear

that the petitioner is not challenging the "manner, location, or conditions of a sentence," but rather the legality of the sentence. If such a claim is viable at all, the avenue of relief may be through § 2255.

In *United States v. Angiulo,* 57 F.3d 38 (1st Cir.1995), the court recognized the "importance" of Fed.R.Crim.P. 32 and the "requirement of literal compliance" with its terms. *Id.* at 41. Nevertheless, the court ruled further, there are limited avenues for review of claimed violations of Rule 32. Thus, "Rule 32, in and of itself, does not confer district court jurisdiction to conduct a postsentence review." *Id.* and cases cited. On occasion, the First Circuit and other courts "sometimes have allowed violations to Rule 32 to be addressed in timely Rule 35 motions" "to correct a sentence imposed in an illegal manner." *Id.* and cases cited. No such motion was filed in the instant case, and any time for filing such a motion has long since expired.[4]

The *Angiulo* court left open whether review was available by way of any habeas petition. As the court stated in a footnote:

> It is often assumed that inaccuracies in a PSI Report may form the basis for a petition under 28 U.S.C. § 2255. *See United States v. Gattas,* 862 F.2d 1432, 1433–34 & n. 4 (10th Cir.1988); *United States v. Mosquera,* 845 F.2d 1122, 1124 n. 1 (1st Cir.1988). In addition, courts have suggested that such relief may be obtainable pursuant to 18 U.S.C. § 2241. *See Peloso,* 824 F.2d at 915; *United States v. Daniels,* 737 F.Supp. 111, 114 (D.Me.1990). The appellants have not asserted jurisdiction under either of those statutes, and they have expressed disclaimed reliance on § 2255. Thus, we

---

4. The time limits under Rule 35 changed between the time of the crime (September 1987) and the time of the conviction (December 1987). However, the issue of which limits are applicable does not have to be reached.

take no view of the appropriateness *vel non* of any such potential remedies. *Id.* at 42 n. 6. *See also Isabel v. United States,* 980 F.2d 60, 65 (1st Cir.1992) (court assumes, *arguendo,* that claim of violation of Rule 32 may be considered in a § 2255 petition).

A review of the cases which "have suggested" that § 2241 may be an appropriate vehicle do not aid the petitioner in this case. The "suggestions" were clearly *dicta* and, at most, can be read to authorize a § 2241 petition for a Rule 32 violation only if the claim otherwise falls within the meaning of § 2241. For example, in *United States v. Peloso,* a federal prisoner brought a motion under Fed.R.Crim.P. 32 claiming that there had been an error in the presentencing report which resulted in his being sentenced to the maximum time without parole. *See* 824 F.2d 914, 915 (11th Cir.1987). After the court confirmed that Rule 32 "does not confer jurisdiction on the district court to consider a motion to correct a presentence investigation report" and noted that the "issue may be pursued in some cases under Rule 35," the court went on to state that "[a]dditionally, such a motion may be construed as a section 2255 habeas corpus petition, or a section 2241 habeas petition (directed at the parole commission for using false information)." *Id.* at 915. However, any treatment of Pelosi's claim as a § 2241 petition would be "fruitless" according to the court, since the petitioner had not objected to the report at sentencing. *Id.* Thus, the reference to the treatment of the Rule 32 motion as a § 2241 petition was mere *dicta.* Moreover, the court relied on *United States v. Fischer* for support. *See* 821 F.2d 557, 559 (11th Cir.1987). In that case, a challenge to a presentence report exceeded the time limits imposed by Rule 35. The prisoner was given the opportunity to assert a claim under § 2255—there is no mention of § 2241 at all.

In *United States v. Daniels,* the petitioner was challenging specific factual errors in the presentencing report on which the Parole Commission relied in altering his parole eligibility date. *See* 737 F.Supp. 111, 112 (D.Me.1990). Thus, unlike the instant case, *Daniels* "launches by the motion no attack upon the legality of the sentences imposed upon him in this district. Rather, he is challenging the legality of the circumstances under which the sentences, treated as legally imposed, are required to be executed." *Id.* at 113. Under such circumstances, the petitioner was free to proceed under § 2241. *Id.* at 114. In the present case, the defendant is challenging the legality of his sentence. Therefore, the petition raises claims which should have been asserted under § 2255. *See United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988); *U.S. v. Fischer,* 821 F.2d 557, 558–59; *Poor Thunder v. United States,* 810 F.2d 817, 822–23 (8th Cir.1987); *United States v. Mosquera,* 845 F.2d 1122, 1124 (1st Cir.1988) (Rule 32 violations raised in habeas petition under § 2255).

### 4. *The "Savings Clause" Under § 2255*

As noted above, under limited circumstances a petitioner may proceed under § 2241 where he establishes that a petition pursuant to § 2255 would be "inadequate or ineffective" as defined by the savings clause of § 2255. Gonzalez has failed to meet this burden. *See Gonzalez v. United States,* 135 F.Supp.2d 112, 121 (D.Mass.2001) ("the burden is on [the petitioner] to establish that his remedy under section 2255 is inadequate or ineffective") citing cases.

The First Circuit has yet to define the full meaning and scope of the savings clause. *See Sustache–Rivera v. United States,* 221 F.3d 8, 17 (1st Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1364, 149 L.Ed.2d 292 (2001). Most circuits that have

attempted to define the scope of the clause have indicated "that it applies only in the most extraordinary circumstances." *Gonzalez*, 135 F.Supp.2d at 121, citing cases. The First Circuit has recognized that "the savings clause has most often been used as a vehicle to present an argument, that under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute." *Sustache–Rivera*, 221 F.3d at 16 citing cases. In essence, the prisoner claims he is actually innocent because he was convicted of a non-existent offense. *See Gonzalez*, 135 F.Supp.2d at 121; *see also Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001) (after examining cases from the various circuits the court held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"). These circumstances are not present in the instant case. Therefore, the petitioner cannot proceed under the savings clause of § 2255.

Finally, the instant petition must fail because before the savings clause of § 2255 can be invoked, a petitioner must show that he was unable to bring his claim earlier. *Gonzalez*, 135 F.Supp.2d at 122. *See Sustache–Rivera*, 221 F.3d at 17 (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)) (petitioner "must show cause and prejudice for his failure to have previously made the claim"). Gonzalez offers no reason why he could not have raised these claims earlier. All the relevant facts in his present petition, including that his lawyer represented co-defendants, he did not see

the pre-sentencing report, and the location of the ship in relation to the jurisdictional waters of the United States, were all clearly known to the defendant at the time of his direct appeal and upon filing of his previous § 2255 petition. The fact that his lawyer did not act upon the information does not relieve petitioner of his timeliness obligation. *See U.S. v. Osorio–Pena*, 247 F.3d 14 (2001) (information not "newly discovered" even though it was not known to defendant where it was known to his counsel).

Courts commonly agree that "a petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241 merely because a petitioner cannot meet the AEDPA 'second or successive' requirements." *Barrett*, 178 F.3d at 50. *See also Sustache–Rivera*, 221 F.3d at 16 n. 13; *Pack*, 218 F.3d at 453; *Jiminian*, 245 F.3d at 147–48; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, ... or because the petitioner is procedurally barred from pursuing relief under § 2255, ... or because the petitioner has been denied permission to file a second or successive motion to vacate"). Yet that seems to be the sole motivating factor in the instant case. The petitioner has failed to state any claims appropriately brought under § 2241.

### 5. *The Appropriate Remedy*

■■■■ In certain circumstances, a claim improperly brought under § 2241 may be treated by the court procedurally as one brought pursuant to § 2255. For example, in *Jiminian*, the Second Circuit held "that when presented with a § 2241 petition raising previously unavailable claims appropriately the subject of a

§ 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to . . . [the court of appeals] for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits." 245 F.3d at 148. This is not appropriate here, however, since the District Court of Massachusetts does not have jurisdiction over a § 2255 petition from Gonzalez. *See Dalton v. Fleming,* No. 4:00–CV–0374–A, 2001 WL 167824, at *1 (N.D.Tex. Jan. 18, 2001) (dismissing § 2241 petition for lack of jurisdiction and not deciding to construe the § 2241 as a motion under § 2255 since the petitioner's sentencing court was located in another district). Moreover, the petitioner has made it clear that he intended to proceed under § 2241, and not § 2255. *See, e.g.,* petitioner's reply to government's opposition to his motion for summary judgment wherein he makes clear his intention to proceed under § 2241 not § 2255. (*See* Pet'r Ex. 6–A at 4, 6–7).

Because the petitioner cannot state a valid claim under § 2241, dismissal of the petition is the most appropriate course of action. *See Millan v. Parks,* 18 F.Supp.2d 144, 145–46 (D.P.R.1998) (dismissing § 2241 petition when petitioner could not show why § 2255 remedy was inadequate or ineffective); *see also Lurie,* 207 F.3d at 1077 (affirming district court judge's summary dismissal of § 2241 petition); *Osayande v. United States,* No. 3–01–CV–0267–G, 2001 WL 209466, at * 1–2 (N.D.Tex. Feb. 21, 2001) (magistrate judge recommending dismissal of § 2241 petition where petitioner's basis for moving under § 2241 was due to unsuccessful efforts on direct appeal and § 2255 motions); *Gar-*

*rett v. Menefee,* No. 00–CV–08274, 2001 WL 170678, at *2 (S.D.N.Y. Feb. 21, 2001) (dismissing petition deliberately filed under § 2241, rather than converting to § 2255 motion).

### 6. *The Motion For Summary Judgment*

As detailed above, the petitioner moved for summary judgment on the grounds that there had been no substantive response to his petition. That motion should be DENIED. No substantive response is due absent order of the court, and no such order was entered here. (*See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). Moreover, the United States Attorneys Office in Puerto Rico did respond to the petitioner's motion.

### *CONCLUSION*

For all the reasons herein:

1. The motion to amend is ALLOWED;

2. This court recommends that the motion for summary judgment be DENIED; and

3. This court further recommends that the habeas corpus petition under § 2241 be DISMISSED.[5]

May 16, 2001.

---

**5.** The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is

made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604–605 (1st Cir.1980); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4–5 (1st Cir.1998).