Michael Robert WILTSE, Plaintiff,

v.

David L. WINN, Defendant.

Civil Action No. 06–40021–NMG.

United States District Court,
D. Massachusetts.

Feb. 1, 2008.

Michael Robert Wiltse, Ayer, MA, pro se.

Anthony E. Fuller, United States Attorney's Office, Boston, MA, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

A prisoner alleges that his first petition for habeas corpus was dismissed by the sentencing court based on a misconstruction of his argument. Asserting that his remedy was, accordingly, "inadequate and ineffective", he seeks further review in this, the District in which he is currently incarcerated. Before the Court is the government's motion to dismiss.

### I. *Background*

A jury in the Middle District of Florida found the petitioner, Michael Wiltse ("Wiltse"), guilty of distribution of child pornography in 2002 and sentenced him to a term of imprisonment of 121 months. He is currently serving that sentence.

Wiltse claims that the sentencing judge erred in enhancing his base offense level because his offense "involved a pattern of activity involving sexual abuse or exploitation of a minor". He asserts that because the person with whom he was communicating was not, in fact, a minor, but an undercover law enforcement agent, he has engaged in no such pattern of activity. Wiltse draws a distinction between trafficking in pornography and producing it, asserting that the exploitation enhancement applies only to producers and not to mere traffickers such as himself.

He first sought habeas corpus relief in a petition pursuant to 28 U.S.C. § 2255, filed in the Middle District of Florida on December 13, 2004. In dismissing that petition the district judge did not address the subject ground of his challenge, stating that "it appears that all of the grounds have to do with enhancement of his sentence by the judge, without the jury's determination pertaining to the enhancement." The order dismissing his petition

for habeas corpus went on to state that because his sentence was not enhanced above the statutory maximum, the concern about judge-found rather than jury-found facts does not apply. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The order did not address Wiltse's argument described above.

The Eleventh Circuit Court of Appeals denied Wiltse's application for a Certificate of Appealability, referring to the fact that he had failed to raise the ground he now proffers for relief in his direct appeal of his sentence. Because he could not show "cause for and prejudice from" the failure to raise the argument at that stage in the proceeding, *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), habeas relief was unavailable.

Believing that the Middle District of Florida and the Eleventh Circuit have both denied his petition without reaching its merits, Wiltse filed a second petition for habeas corpus in this Court on January 24, 2006. This petition is filed pursuant to 28 U.S.C. § 2241.

### II. *Analysis*

#### A. Section 2255 and Section 2241

■ The fundamental difference between § 2255 and § 2241 is that ordinarily, § 2255 provides the means by which a prisoner may challenge the imposition of his sentence whereas § 2241 allows for a challenge to the location or means of his detention. *Gonzalez v. United States,* 150 F.Supp.2d 236, 241 (D.Mass.2001). Because Wiltse alleges that his sentence is improperly long and seeks his immediate release, his challenge concerns the fact of his incarceration and not the location at which he is housed or any specific aspect

of his detention. Therefore, the argument that he raises should, in the normal course of events, be brought pursuant to § 2255, as indeed it was in his initial petition for habeas corpus.

Section 2255 does not permit second or successive petitions to be filed re-arguing what has previously been addressed without specific written permission from the appropriate Court of Appeals. 28 U.S.C. § 2255. Wiltse's argument in the present petition is that the Middle District of Florida and the Eleventh Circuit Court of Appeals both misconstrued his argument in his first petition, so he is openly making the same claim here in hopes that this Court will construe it differently. This approach rests on a misinterpretation of the so-called "savings clause" of § 2255 which is discussed in more detail below.

## B. Decision on the Merits

■ Wiltse asserts that the present petition should not be considered "second or successive" in the language of § 2255 because his initial petition was dismissed without a ruling on the merits. *Pratt v. United States*, 129 F.3d 54, 60. The Eleventh Circuit Court of Appeals, in denying his application for a Certificate of Appealability, held that the argument raised in his petition was subject to a procedural bar. Because he did not raise the argument he makes here on direct appeal of his sentence and because he could not show "cause for and prejudice from" that failure he was ineligible for habeas relief based on it. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Contrary to petitioner's contention, the decision that his claim was subject to a procedural bar does not permit him to raise it again in a subsequent petition. The situation alluded to in *Pratt* arises most often when a habeas petition is dismissed for failure to exhaust state remedies. When a petition is dismissed on those grounds it is generally expected that, statutes of limitations permitting, the petitioner will return to federal court after that flaw is corrected, i.e. after his state remedies have been exhausted. The procedural flaw that was fatal to Wiltse's claim, the failure to preserve an issue on direct appeal, cannot be cured. Therefore, although it was procedural rather than substantive in focus, it had the same functional effect as a decision on the merits.

## C. The Savings Clause of § 2255

As discussed above, a petition pursuant to § 2255 is ordinarily filed in the court in which the petitioner was sentenced. That section provides, in relevant part, that

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The underlined portion of this paragraph is known as the "savings clause" and it provides an opportunity for relief for petitioners who might otherwise have fallen through the cracks of the system. When it applies, it is appropriate for a prisoner to file his petition pursuant to § 2241, in the custodial court, as Wiltse has done.

The class of prisoners to whom the savings clause applies is not clearly defined. The reference to an "inadequate or ineffective" remedy is susceptible of many possible interpretations. In the First Circuit, however, it has typically been used

to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute.

*Sustache–Rivera v. United States,* 221 F.3d 8, 16 (1st Cir.2000). Such a prisoner would otherwise be prohibited from raising his argument a second time, so the remedy of the savings clause is required to afford him an opportunity to present his newly meritorious claim.

 Wiltse's situation is entirely different. In his reply to the government's opposition he states that "if [his claim] was not adjudicated on the merits . . . then the remedy under § 2255 was inadequate and ineffective." That statement reflects a fundamental misunderstanding of the import of the savings clause: it is not intended to provide an alternative avenue for relief if a *past* petition has been inadequate; it provides such relief if any *future* petition would be inadequate or ineffective. *See Sustache–Rivera.*

Furthermore, the weight of petitioner's argument is directed at the idea that his petition is not "second or successive" in the language of § 2255. He alleges that the district and appellate courts both misconstrued his petition and failed to address his argument but, as discussed above, he is mistaken: the Eleventh Circuit Court of Appeals properly ruled that his petition was subject to a procedural bar which, notwithstanding the word "procedural", was functionally equivalent to a ruling on the merits of his claim. Finally, even if the ruling of the Eleventh Circuit did not constitute an "adjudication on the merits", as petitioner contends, his current reliance on the savings clause would still be misplaced. If he were correct and his first petition had been dismissed without a ruling on the merits, his second petition in the sentencing court would not be rejected

as "second or successive". *Pratt v. United States,* 129 F.3d 54, 60 (1st Cir.1997). The remedy available to him there would therefore not be "inadequate or ineffective" and the savings clause of § 2255 would not apply by its own terms.

Because the savings clause is the only vehicle by which a petition in this Court, pursuant to § 2241, is appropriate, and because that clause is not applicable to this petition, the government's motion to dismiss will be allowed and Wiltse's petition for habeas corpus will be dismissed.

**ORDER**

In accordance with the foregoing, the government's motion to dismiss (Docket No. 17) is **ALLOWED** and this petition for habeas corpus is **DISMISSED.**

**So ordered.**