**Harry F. BARR Jr., Petitioner,**

v.

**Carolyn SABOL, Warden, Respondent.**

**Civil Action No. 08–40187–NMG.**

United States District Court,
D. Massachusetts.

Feb. 12, 2010.

Thea A. Stewart, Thea A. Stewart, Attorney at Law, Oxford, MA, Dawn E. Worsley, Law Office of Dawn E. Worsley, Linda J. Argenti, Nashua, NH, for Petitioner.

Theodore B. Heinrich, United States Attorney's Office, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Petitioner Harry Barr ("Barr") is currently serving a mandatory 20–year, on-and-after sentence for using and carrying a firearm in the commission of a drug trafficking crime. He has filed a petition for habeas corpus and, after consideration of that petition, Magistrate Judge Timothy Hillman filed a Report and Recommendation ("R & R") to which Barr has entered objections. Before the Court are the R & R and Barr's objections thereto.

### I. *Background*

#### A. Factual Background

Barr was convicted of numerous drug charges including participation in a drug conspiracy, possession, distribution and using a communication device (a telephone) to commit a crime as well as related gun charges. The convictions arose out of a conspiracy which allegedly occurred between December, 1988 and November, 1989 in North Carolina and elsewhere.

Barr's original trial, which began in the United States District Court for the Eastern District of North Carolina on January 15, 1991, resulted in a hung jury and the Court declared a mistrial. Subsequently, on April 22, 1991, a second trial was commenced and Barr was ultimately convicted on several charges and acquitted on others.

Petitioner was apparently sentenced to three consecutive sentences: 144 months for the drug conspiracy, 60 months for the use and carrying of a firearm during and in relation to the commission of a drug offense and to a mandatory 20 years on-

and-after for using and carrying a firearm in the commission of another separate drug trafficking crime. Thus, Barr received a 37–year sentence of which he has currently served about 20 years.

## B. Procedural History

On September 17, 1992, Barr filed a direct appeal of his convictions but it was denied. Thereafter, Barr filed a habeas petition pursuant to 28 U.S.C. § 2255 in the sentencing court which was dismissed. The Fourth Circuit then denied a Certificate of Appealability and the Supreme Court denied certiorari.

On September 23, 2008, Barr filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He contends that the mandatory 20–year, on-and-after sentence imposed by the trial court for the conviction of carrying a gun in the course of a drug conspiracy violates the Fifth Amendment's prohibition against double jeopardy. On January 13, 2009 respondent Carolyn Sabol entered a response and moved to dismiss the petition. The matter was referred to United States Magistrate Judge Timothy Hillman, who issued a R & R on November 20, 2009 recommending dismissal. On December 7, 2009 Barr filed objections to the R & R.

## II. *Analysis*

### A. Magistrate Judge Hillman's R & R

The R & R concludes that there is no subject matter jurisdiction in this Court because petitioner's claim targets the execution (not imposition) of his sentence and, therefore, must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court, (i.e., the Eastern District of North Carolina).

### B. Petitioner's Objections to the R & R

Petitioner makes three objections to Magistrate Judge Hillman's R & R. First, he contends that there is no precedent for the conclusion that this Court does not have subject matter jurisdiction over this petition because the R & R relies only on a mis-cited Second Circuit case and an unpublished district court opinion. Second, Barr argues that he is not merely disputing a sentencing enhancement but is contesting his conviction on the second gun charge, which is proper under § 2241. Finally, Barr maintains that he is factually innocent of the second firearm conviction because an element of the crime was not proved. None of these objections is persuasive.

The first objection is without merit because, even if the R & R did not properly cite any binding authority, it correctly identified the law in this Circuit. Subject matter jurisdiction under § 2241 is present only when the petition attacks the execution, rather than the validity of the sentence. *See e.g. United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999)(holding that subject matter jurisdiction under § 2241 is present in the custodial court when the petition challenges the manner, location, or condition of a sentence's execution).

Barr's second objection is equally unavailing. It is clear from the pleadings that Barr is not asserting that he is innocent of the second firearm conviction. Rather, he contends that because his two firearm convictions arose out of the same conspiracy, he should not have been subjected to a mandatory 20–year sentencing enhancement on the second conviction. Because Barr's habeas petition challenges the validity of his sentence, therefore, this Court lacks subject matter jurisdiction pursuant to § 2241, as the R & R recites.

Finally, Barr's third objection falls short because it presents a question of law that must be brought pursuant to § 2255, not

§ 2241. *United States v. DiRusso*, 535 F.2d 673, 674 (1st Cir.1976) (stating that § 2255 grants jurisdiction over a post-conviction claim attacking the imposition or illegality of a sentence). Because Barr is contesting the legality of his 20–year, on-and-after sentencing enhancement, the habeas petition should have been brought pursuant to § 2255.

Without subject matter jurisdiction for a § 2255 habeas petition, the only way in which Barr may bring his claim in this Court is through the savings clause of that section, which allows a habeas petition to be brought in the custodial court if the remedy provided for under § 2255 was "inadequate or ineffective to test the legality of ... detention". 28 U.S.C. § 2255(e). In the First Circuit, however, that provision cannot be invoked to permit a petition to go forward under § 2241 in order to avoid § 2255's bar on "second or successive" petitions. *Barrett*, 178 F.3d at 50. In other words, Barr's remedy under § 2255 is not ineffective or inadequate simply because he may be barred from seeking further relief thereunder beyond the sentencing court. Because the sentencing court denied Barr's § 2255 habeas petition, he may not now bring the same argument before this Court. Moreover, the fact that the Fourth Circuit's decision upholding Barr's sentence on the second firearm conviction is contrary to the law in every other Circuit, including the First, *see United States v. Rodriguez*, 525 F.3d 85, 111 (1st Cir.2008), is not a recognized ground for invoking the savings clause of § 2255. *See Gonzalez v. United States*, 150 F.Supp.2d 236, 244 (D.Mass.2001) (section 2255's saving clause is not satisfied merely because petitioner's prior § 2255 motion was unsuccessful.)

### ORDER

In accordance with the foregoing, Magistrate Judge Hillman's R & R (Docket No. 12) is accepted and adopted and Barr's objections thereto (Docket No. 13) are overruled.

**So ordered.**

### *Report and Recommendation*

HILLMAN, United States Magistrate Judge.

### *Nature of the Proceeding*

By Order of Reference dated June 25, 2009, this matter has been referred to me for a Report and Recommendation on the Petition For A Writ Of Habeas Corpus (Docket No. 1).

### *Nature of the Case*

Petitioner, Harry F. Barr, Jr. has filed a Petition For A Writ of Habeas Corpus (Docket No. 1) ("Petition") pursuant to 28 U.S.C. § 2241(b)(c), against Respondent, Carolyn Sabol, Warden, Federal Medical Center Devens ("FMC Devens"). Petitioner raises the following claims:

1. Petitioner's continued incarceration violates the Fifth Amendment's guarantee against double jeopardy; and

2. Petitioner is actually innocent of the charge for which he is currently incarcerated.

Respondent has filed a response to the Petition seeking to dismiss the Petition for lack of subject matter jurisdiction. Respondent further argues that if the Court were to consider the Petition on its merits, it should be denied.

### *Facts*

Substantially all of the following facts are taken from the Statement of Facts included in the Petition, which for purposes of this Report and Recommendation, I have accepted as true. Where necessary, I have supplemented the facts based on pleadings and court opinions which are

a matter of public record and are available to the Court.

On May 9, 1990, Petitioner and another were indicted for numerous drug related charges, including possession, distribution and using a communication device (a telephone) to commit a crime [1]. The charges arose out of a conspiracy which was alleged to have occurred between December 1988 and November 1989 in North Carolina and elsewhere. Petitioner was also indicted on gun charges which were alleged to have arisen out of the same conspiracy.

Petitioner was tried twice; the first trial resulted in mistrial due to a hung jury. The second trial resulted in Petitioner being convicted of several of the drug and firearm charges and acquitted of the remaining charges. According to Barr, he received: 144 months for the convictions relating to the drug conspiracy and use of a communication facility in the commission of a drug offense; 60 months for a conviction relating to the use and carrying of a firearm during and in relation to the commission of a drug offense; and a mandatory twenty years on and after for a conviction for using and carrying a firearm in the commission of a drug trafficking crime.

Barr filed a direct appeal of his conviction arguing that the trial court had violated his rights by denying him his Fifth Amendment right against self-incrimination and his due process right to a fair trial. On September 17, 1992, the Fourth Circuit denied his appeal. *United States v. Barr*, 976 F.2d 727 (4th Cir.1992) (Table), unpublished opinion at 1992 WL 225845. Thereafter, Barr filed a motion under 28 U.S.C. § 2255; the Fourth Circuit ultimately denied a certificate of appealability and dismissed the case. *See* 155 F.3d 561 (4th Cir.1998) (Table). Barr then filed a Petition for a Writ of Certiorari in the Supreme Court of the United States, which was denied. *Barr v. United States*, 508 U.S. 939, 113 S.Ct. 2413, 124 L.Ed.2d 636 (1992) (Table). From the briefs filed in support of his Petition for a Writ of Certiorari, the issues he presented were (1) whether he was improperly subjected to an enhanced sentence of twenty years on the basis that his conviction on the second count under 18 U.S.C. § 924(c) constitutes a second or subsequent conviction, and (2) whether the Government had improperly commented on his decision not to testify. *Barr v. United States*, No. 92–1097, 1992 WL 12073475 (Dec. 14, 1992) [2].

### Discussion

Petitioner has filed a petition for writ of habeas corpus pursuant to Section 2241 in which he asserts that the mandatory twenty year on-and-after sentence imposed by the trial court for his conviction for carrying a gun in the course of a drug conspiracy violates the Fifth Amendment's prohibition against double jeopardy. Initially, I will address the Respondent's argument that the Petition should be dismissed for lack of subject matter jurisdiction.

---

1. A more detailed recitation of the offenses charged and the jury's verdict is set forth in the Petition.

2. In his Petition, Barr states that he filed a motion under Section 2255 to vacate his sentence based on a claim that he was actually innocent of the gun charge pursuant to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) because he did not brandish or use the gun during the course of the conspiracy. However, Barr's brief in support of his appeal to the Fourth Circuit of the trial court's denial of his Section 2255 motion and his subsequent Petition for Writ of Certiorari to the Supreme Court belie his characterization of the claim he raised therein. Instead, it is clear that in his Section 2255 motion, Barr raised the identical issue he seeks to raise in the instant Petition.

The Government asserts that although Petitioner has labeled his pleading as a petition for writ of habeas corpus pursuant to Section 2241, given the nature of his claims and the relief he seeks, his Petition is more appropriately characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which must be filed with the sentencing court. Petitioner, citing *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999), argues that he because he is asserting that he is "factually innocent", he has properly brought this action under Section 2241.

■ Whether jurisdiction over this matter lies in this Court depends on whether Petitioner is seeking to challenge the *execution* of his sentence rather than its *imposition*. "Execution of a sentence includes matters such as 'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions' ". *Levine v. Apker*, 455 F.3d 71, 78 (1st Cir.2006) (emphasis in original) (citation to quoted case omitted); *Krilich v. Winn*, 2004 WL 2931265 (D.Mass. Dec. 20, 2004) (same). Where a prisoner attacks the execution of his sentence, a writ of habeas corpus may issue pursuant to Section 2241. A petition under Section 2241 is filed in the district in which the prisoner is incarcerated. The usual vehicle for challenging the *imposition* of a sentence, on the other hand, is 28 U.S.C. § 2255 [3]. *See Krilich*, 2004 WL 2931265 at *1 (motion to vacate, set aside,

or correct sentence is brought under Section 2255). A petition filed pursuant to Section 2255 must be filed with the sentencing court, which in this case is the Eastern District of North Carolina.

■ Citing *Barrett*, Petitioner argues that he can properly bring his Petition under Section 2241. Petitioner reads *Barrett* as holding that a prisoner claiming actual innocence (as opposed to legal innocence) may bring an action under Section 2241 that otherwise would be required be brought pursuant to Section 2255. Even if I assume that to be an accurate characterization of the First Circuit's holding in *Barrett*, Petitioner's argument must fail. It is clear from the pleadings in this case that Petitioner is not asserting that he is actually innocent of the crime of which he is convicted, rather he is asserting that because his two firearm convictions arose out of the same conspiracy, he should not have been subjected to a mandatory twenty year sentencing enhancement. Therefore, the question becomes whether Petitioner can avoid Section 2255's bar on second or successive petitions by filing his petition in this Court. I find that he cannot.

While Section 2241 petitions are not subject to the gate keeping mechanism set forth in 28 U.S.C. § 2244(b), which requires that a prisoner seek permission from a court of appeals before filing a second or successive petition [4], Section

---

3. Section 2255 provides that:
A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or that the sentence was in excess of the maximum authorized by law, or otherwise is subject to collateral attack, may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

4. Section 2244(b) provides, in relevant part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This provision has been held to be limited to petitions brought under 28 U.S.C. § 2254.

2241 petitions are subject to the limitations set forth in Section 2244(a), which provides that: "[n]o circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such a detention had been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255". The end result is that a prisoner convicted of a federal crime cannot seek relief from the imposition of his sentence pursuant to Section 2241 where the applicant has failed to apply for relief from the court which sentenced him or that court has previously denied relief unless he satisfies Section 2255's "inadequate or ineffective" savings clause.

Barr seeks to have this Court address the identical issue which he unsuccessfully raised in a Section 2255 petition filed with the sentencing court[5]. In *Barrett*, the First Circuit strongly implied that the "ineffective or inadequate clause" cannot be invoked to permit a petition to go forward under Section 2241 in order to avoid Section 2255's bar on "second or successive" petitions—that is, Barr's remedy under Section 2255 is not ineffective or inadequate simply because he *may* be barred from seeking further relief thereunder. *Barrett*, 178 F.3d 34 at 50. Furthermore,

that the Fourth Circuit's decision upholding his sentence on the second firearm conviction is contrary to the holding of every other Circuit Court that has addressed the issue, including the First Circuit, *see United States v. Rodriguez*, 525 F.3d 85, 111 (1st Cir.2008) and cases cited therein, is not a circumstance which falls within Section 2255's savings clause. *See Chisholm v. Pettiford*, No. 6:06–2032–PMD–WMC, 2006 WL 2707320 (D.S.C. Sep. 18, 2006) (Section 2255's savings clause is not satisfied merely because petitioner's prior section 2255 motion was unsuccessful); *see also Manna v. Schultz*, No. 09–1185(RBL), 2009 WL 3415161 (D.N.J. Oct. 20, 2009) (Section 2255's savings clause does not permit prisoner to use section 2241 to avoid section 2255's gate keeping requirements—section 2255 is not "inadequate or ineffective" merely because petition failed to succeed in prior motions)[6].

In summary, Petitioner's challenge to the imposition of his sentence can only be raised by a Section 2255 motion. Petitioner has failed to allege any facts or circumstances which would bring this claim within Section 2255's savings clause and therefore, this action is not cognizable under Section 2241 and should be dismissed.

### *Conclusion*

I recommend that the Petition For A Writ of Habeas Corpus (Docket No. 1) be

---

5. I will note that if Barr were to provide further documentation which establishes that he did not raise this identical claim in his section 2255 petition, my analysis would not change. The determinative issue in this case is that Barr is challenging the imposition of his sentence and has failed to establish that Section 2241 is the appropriate vehicle for doing so.

6. Barr concedes that the Supreme Court has not addressed this issue and that under

Fourth Circuit precedent, his claim would continue to be denied. It remains an open issue whether Petitioner could bring an action under Section 2241 if the Supreme Court of the United States hereafter holds that multiple consecutive sentences may not be imposed under section 924(c) where the convictions arose from a single conspiracy, or if the Fourth Circuit reverses course and joins its sister circuits in so holding.

dismissed [7].

### Notice to Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of those proposed findings, recommendations, or report to which objection is made and the basis of such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. *See United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *See also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

---

**7.** Because this District does not have jurisdiction over a Section 2255 petition filed by Barr, it would not be appropriate to treat his petition as a motion under Section 2255 and

dismissal is the most appropriate remedy. *See Gonzalez v. United States,* 150 F.Supp.2d 236 244–45 (D.Mass.2001).