**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark E. JOHNSON, Defendant–Appellant.**

No. 00–16551.

D.C. Nos. CV–00–05250–MDC, CR–95–05210–MDC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, and TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Mark E. Johnson appeals the district court's denial of his "motion to return de-

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fendant to jurisdiction, release of custody, re-instatement of right," in which he raises many claims relating to both his conviction and conditions of confinement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and reverse and remand, in part.

(1) Because part of Johnson's petition challenged the legality of his detention, the district court properly construed it as a motion pursuant to 28 U.S.C. § 2255, which must be brought in the sentencing court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000). The district court dismissed Johnson's petition as untimely, however, because it was filed on February 16, 2000, which was more than one year from the latest date that his conviction became final, January 23, 1998 (*i.e.*, when the district court received a certified copy of this Court's judgment affirming his conviction on direct appeal).[1] 28 U.S.C. § 2255(1). That sua sponte dismissal based on the AEDPA's one-year limitation constituted error, because the district court did not first provide Johnson with notice and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir.2001). Although Johnson has since been released from incarceration, his petition is not now moot because he is currently on supervised release, which could be reduced or eliminated by grant of the Writ.[2] *See Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993) (per curiam).

(2) The district court properly construed the portions of Johnson's petition that challenged the manner, location, or conditions of his imprisonment, such as lack of law library access, as brought un-

der 28 U.S.C. § 2241. *Hernandez*, 204 F.3d at 864. Accordingly, the dismissal of that portion of Johnson's petition was proper because a § 2241 petition must be filed against the petitioner's immediate custodian in the district where the petitioner is confined, which at the time Johnson filed his petition was the District of Arizona. 28 U.S.C. § 2241(d). Furthermore, Johnson's challenges to the manner or conditions of his imprisonment are now moot because he has since been released from custody. *See, e.g., McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (holding prison inmate's subsequent release on parole or supervised release mooted his claim that sought prospective mandamus relief solely related to conditions of confinement, although he was still subject to possible revocation of that parole).

**AFFIRMED in PART, and REVERSED and REMANDED, in PART.**

---

1. *United States v. Johnson*, 132 F.3d 1279 (9th Cir.1997).

2. Review of the record shows Johnson's habeas petition requests not only return to the sentencing jurisdiction (Eastern District of California) and placement in a halfway house

there, but also "a new trial" and reinstatement of his rights that were taken away by alleged constitutional errors in his trial.

