**UNITED STATES of America,**

v.

**Kenneth GOLDEN, Appellant.**

**No. 02–2925.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 13, 2003.

Decided March 14, 2003.

---

Before SLOVITER, NYGAARD, and ALARCÓN,* Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Kenneth Golden appeals from the District Court's order denying his motion to withdraw his guilty plea. We will affirm.

### I.

Because we write solely for the parties and not for publication, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented. The facts are undisputed.

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

On September 1, 2000, Golden attempted to conduct a drug buy from an undercover Pennsylvania State Police trooper. While Golden remained seated in his vehicle, he provided $3,000 in cash in return for a quarter pound of cocaine. Golden was arrested immediately and a loaded Colt .380 semi-automatic pistol was seized from the driver's seat area of the vehicle. Thereafter, Golden was indicted by a grand jury on various counts of conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, prostitution offenses and aiding and abetting in prostitution with the use of an interstate facility.

On March 2, 2001, Golden entered a plea of guilty to all of the counts of the superseding indictment, including Count Three, which charged Golden with possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Thereafter, Golden replaced counsel who had represented him and, on June 8, 2001, with the assistance of new counsel, filed a motion to withdraw his guilty plea. The District Court held an evidentiary hearing on the motion and on July 27, 2001 denied the motion. The court sentenced Golden on September 19, 2001 to 48 months imprisonment on all counts except Count Three and 60 months imprisonment on Count Three to run consecutive to the sentence on the other counts, a total of 108 months imprisonment. On October 15, 2001, Golden appealed,[1] limiting his appeal to Count Three.

## II.

Withdrawal of a guilty plea is allowable where it is "fair and just." *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct.

582, 71 L.Ed. 1009 (1927). That determination entails consideration of three factors: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reasons to withdraw the plea." *United States v. Jones,* 979 F.2d 317, 318 (3d Cir.1992), *superceded by statute on other grounds as stated in, United States v. Roberson,* 194 F.3d 408, 417 (3d Cir.1999).

In assessing the first factor, the District Court found that Golden failed to adequately assert his innocence and that his assertion that he possessed the drugs only for personal use of the cocaine was not credible. A defendant's assertion of innocence that is unsupported by the record will adversely affect defendant's credibility. *See Government of Virgin Islands v. Berry,* 631 F.2d 214, 220 (3d Cir.1980). The District Court found that Golden's claim that he is innocent of all the charges in the indictment, including those counts he conceded, contributed to his lack of credibility. As the court stated in *United States v. Brown,* 250 F.3d 811, 818 (3d Cir.2001), "[b]ald assertions of innocence, however, are insufficient to permit a defendant to withdraw her guilty plea."

The court then turned to the third prong of the *Jones* test, whether the Defendant has "fair and just" reasons for seeking to withdraw his guilty plea. Golden argues ineffective assistance of counsel, stating there was inadequate time spent with his counsel to discuss possible defenses. The District Court rejected this contention and pointed to its colloquy with Golden to show that Golden had an opportunity at his initial plea hearing to question the assistance of his counsel and failed to

---

1. Golden's initial notice of appeal was untimely, but the District Court granted Golden's § 2255 motion for ineffective assistance of counsel, and Golden, with new counsel, filed a timely notice of appeal.

do so. The court credited the testimony of Golden's counsel that he did discuss the full range of defenses with him. The court also found Golden's other claims of ineffective assistance of counsel were without merit.

In evaluating this third prong, the District Court also considered the circumstances surrounding Golden's plea. Golden argues that his plea was entered into unknowingly and unintelligently based on his unduly limited time with his counsel. Once again, the District Court pointed out that these contentions are not corroborated by the record itself and the District Court thus concluded that Golden's reasons for seeking to withdraw his guilty plea were not "fair and just." Supp.App. at 204.

■ Finally, the District Court turned to the second prong of the *Jones* test, i.e., whether the Government would be prejudiced by granting a withdrawal of the guilty plea. Golden argues that the Government would not be, pointing out the fact that his motion to withdraw was filed prior to sentencing and that the Government was not prejudiced by loss of evidence. The Government replies that in reliance on Golden's earlier plea, it voided a separation letter and allowed Golden to speak to his wife, who had previously agreed to testify against him. Now that Golden had access to a Government witness, he would have had the opportunity to dissuade the witness from testifying or to alter her testimony, which would constitute prejudice. *See United States v. Smith,* 1993 WL 276930, at *7 (E.D.Pa. July 21, 1993) (prejudice found where incentive of witness to cooperate had been minimized).

We will affirm. In doing so, we reject Golden's argument that the District Court failed to adequately explain the essential elements of the offense of carrying a firearm during and in relation to a drug traf-

ficking crime. The record shows that the District Court defined the term "carry" under the statute and set forth the essential elements of the crime. Furthermore, the District Court engaged in a lengthy colloquy before determining that Golden was fully aware of the essential elements of the charges to which he was set to plead guilty.

■ We reject Golden's contention that the facts and circumstances of the case were insufficient to support the conviction. There was evidence that Golden had his gun in a readily accessible area and did not exit the vehicle to complete the drug buy, remaining in the vehicle near his gun. Golden's belated argument that it was a "mere coincidence" that his firearm was in his vehicle at the time of the drug deal because he routinely carried a gun in his car in connection with his hobby of gun collecting is not persuasive. Nor was it necessary that the gun have been used. We have stated that "there is no need to show that the defendant's gun possession actually 'caused' any particular effect." *United States v. Loney,* 219 F.3d 281, 288 (3d Cir.2000).

The District Court did not abuse its discretion in denying Golden's motion to withdraw his guilty plea. For the reasons set forth, we will affirm.