**Kenneth GOLDEN, Petitioner,**

v.

**Carolyn A. SABOL, Respondent.**

**Civil Action No. 2007–40297–PBS.**

United States District Court,
D. Massachusetts.

Sept. 08, 2008.

Kenneth Golden, Tucson, AZ, pro se.

Christopher R. Donato, United States Attorney's Office, Boston, MA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

PATTI B. SARIS, District Judge.

Action on motion: granting. I adopt the report and recommendation without objection.

1. On February 28, 2008, the district judge to whom this case is assigned referred Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (# 6) to this Court for a Report and Recommendation.

2. By letter dated June 12, 2008, and docketed on July 3, 2008, (# 9), Golden advised the Court of his imminent release.

3. As discussed, *infra*, Golden also challenges the accuracy of his Presentence Investigation

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (# 6)

COLLINGS, United States Magistrate Judge.

### I. Introduction

Presently before the Court[1] is respondent Carolyn A. Sabol's ("Sabol" or "respondent") Motion to Dismiss or, in the alternative, for Summary Judgment (# 6) on petitioner Kenneth Golden's ("Golden" or "petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(# 1). Golden was released from Federal Medical Center Devens ("FMC Devens") located in Ayer, Massachusetts on July 3, 2008,[2] and, according to the United States Probation Office, is currently in custody in Pennsylvania state prison pursuant to a state detainer. In his federal habeas petition, Golden primarily challenges the Federal Bureau of Prison's ("BOP") decision to classify Golden as a sex offender and the adverse conditions that Golden alleges ensued from that classification. Because of Golden's release, the Court will recommend dismissing certain of Golden's claims as moot, and otherwise allowing the respondent's motion.[3]

### II. Factual Background

The Court sets out only those facts necessary to recommend a disposition on the petition in its current posture. On September 19, 2001, Golden was sentenced following a guilty plea[4] in the United

Report ("PSI" or "PSR"), and to the extent that this claim continues to present a live controversy, the Court recommends its dismissal for the reasons set out below.

4. On March 2, 2001, petitioner entered a plea of guilty to, *inter alia*, one count of conspiracy to distribute cocaine under 21 U.S.C. § 846, two counts of attempted possession with intent to distribute cocaine under 21 U.S.C. §§ 846, 841(a)(1), one count of carrying a firearm during and in relation to a drug traf-

States District Court for the Eastern District of Pennsylvania to a 108–month term of imprisonment with five (5) years supervised release. At some point during his term of confinement at Metropolitan Correctional Center ("MCC") in New York, BOP officials assigned Golden a Public Safety Factor ("PSF") classification of "Sex Offender." (*See* # 7, Respondent's Memorandum in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, at Exh. B, C, D) The BOP then transferred petitioner to FMC Devens for participation in the Sexual Offender Management Program ("SOMP"). (*See* # 7, Exh. F) In his habeas petition, filed on November 16, 2007, Golden challenges the BOP's decision to classify him as a sex offender; he claims that the BOP relied on factually incorrect information contained in his Pre Sentence Investigation Report ("PSI" or "PSR") in making its determination that the classification was appropriate.

### III. Analysis

The district court (Saris, J.) characterized the substance of Golden's section 2241 petition as follows:

> Petitioner challenges his classification as a sex offender. He claims his classification was based on allegedly erroneous criminal information concerning three dismissed and/or withdrawn Pennsylvania state charges for Corruption of Minors. He contends, inter alia, that be-

cause of this improper classification he has suffered various adverse conditions of confinement, including transfer to a higher security facility and unnecessary subjection to FMC Devens's Sexual Offender Management Program. Petitioner also claims he is wrongfully subjected to the notification and registration requirements by sex offenders pursuant to 18 U.S.C. § 4042(c). Finally, he claims he has been wrongfully sanctioned, and has lost good time credit.[5]

> Petitioner seeks correction of the presentence report and removal of the public safety factor (PSF) from his records.

(# 2, Memorandum and Order at 1–2).

Significantly, then, for present purposes, Golden challenges only the execution of his sentence, and not the underlying conviction or sentence.[6] *Cf. Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (noting that Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences"); *United States v. Molak,* 276 F.3d 45, 48 (1st Cir.2002) (despite release, "convicted defendant who is under an ongoing sentence of supervised release has a continuing stake in the outcome of a challenge to the underlying conviction and sentence"). Because the Court does not presume the existence of collateral consequences under these circumstances, the task then is to determine whether Golden

---

ficking crime under 18 U.S.C. § 924(c)(1), one count of conspiracy to use interstate facilities with intent to promote, manage, establish, carry on and facilitate a business involving prostitution offenses under 18 U.S.C. § 371, and four counts of use of interstate facilities with intent to carry on a business enterprise involving prostitution offenses under 18 U.S.C. § 1952(a)(3).

**5.** On this last point, the respondent contends that Golden did not, in fact, lose good time credits, *see* # 7 at 8 n. 4, and Golden agrees with this statement in his reply, *see* # 8 at 16.

**6.** The Court notes that the United States Court of Appeals for the Third Circuit affirmed Golden's judgment of conviction. *See United States v. Golden,* 62 Fed.Appx. 435 (3rd Cir.) (unpublished), *cert. denied,* 540 U.S. 874, 124 S.Ct. 227, 157 L.Ed.2d 135 (2003). Golden subsequently pursued a petition pursuant to 28 U.S.C. § 2255, which was dismissed by the United States District Court for the District of Eastern Pennsylvania. *See United States v. Golden,* 2005 WL 3434004 (E.D.Pa.2005).

could establish "the existence of actual consequences of sufficient substance to establish an ongoing case or controversy." *United States v. Duclos,* 382 F.3d 62, 66 (1st Cir.2004).

The Court approaches this task by examining Golden's three chief complaints: 1) that his classification as a sex offender led to adverse consequences (such as loss of privileges) while he was incarcerated; 2) that his classification will subject him to statutory notification and registration requirements post-incarceration; and 3) that his PSR contains incorrect factual information that led to the allegedly improper classification in the first place.[7]

 To the extent that Golden claims that he was subjected to adverse consequences during his incarceration as a result of the classification, e.g., that he was wrongfully sanctioned "for refusing to accept a program assignment" to SOMP, (# 1 at 20), and that he was denied certain privileges, (# 1 at 3), such claims, the Court determines, have become mooted by Golden's release. As the Fourth Circuit has reasoned:

> The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or

practice that provoked his lawsuit in the first place.

*Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 2056, 170 L.Ed.2d 798 (2008); *see also Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir.2007) (transfer or release of prisoner from prison will moot that prisoner's claim for injunctive and declaratory relief); *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir.2001) (same); *United States v. Johnson,* 23 Fed.Appx. 832, 833 (9th Cir.2001) (unpublished) (challenges to the manner or conditions of petitioner's imprisonment are moot once section 2241 petitioner has been released from custody); *McAlpine v. Thompson,* 187 F.3d 1213, 1216–18 (10th Cir.1999) (holding that claim of prison inmate seeking prospective injunctive relief regarding conditions of confinement becomes mooted by that inmate's release); *Taylor v. Collins,* 464 F.Supp.2d 86, 88 (D.R.I.2006) (same) (and cases cited). Here, any adverse consequences that Golden suffered as a result of his classification while he was incarcerated are "now over, and cannot be undone." *Spencer,* 523 U.S. at 8, 118 S.Ct. 978. As *Spencer* states, "[federal courts] are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.* at 18, 118 S.Ct. 978. Because there is no effectual relief that this Court can grant to petitioner, his claims challenging the manner in which his sentence has been executed have become moot.

 Golden's assertion that his classification as a sexual offender will subject him wrongfully to the notification and registration requirements contained in 18 U.S.C. § 4042(c) upon his release from incarceration, (*see* # 1 at 6), stands on a different

---

7. The Court notes that Golden seeks only prospective declaratory and injunctive relief; nothing in Golden's filings suggests that Golden seeks compensatory damages for any of the alleged harms.

footing. *See Fox v. Lappin*, 441 F.Supp.2d 203, 207 (D.Mass.2005) ("Notification does not relate to a prisoner's conditions of confinement but affects life upon release from prison."). First, the notification challenge is not properly a habeas action. *See id.* at 206 ("Notification claims do not relate to the fact or duration of confinement, therefore challenge to a notification requirement is not properly brought as a habeas petition."). If the Court bypasses this problem, and construes Golden's claim as an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq., see id.* at 207, this claim would arguably continue to present a live controversy. Nevertheless, the claim is moot for another reason: the BOP has decided in Golden's favor on the issue. The BOP's administrative response to Golden's request for an administrative remedy states as follows:

> Program Statement 5141.02, states, 'Inmates releasing to a **detaining authority** do not require completion of a Sex Offender Release Notification form or a Sex Offender Registration and Treatment Notification form.' Your records reveal that you currently have a Pennsylvania state detainer. Therefore, based on this fact, you are not subject to the Sex Offender Registration and Notification requirement.
> Given the aforementioned, your Request for Administrative Remedy is granted. Your records will be corrected accordingly.

# 7, Exh. E at 2.

■ Accordingly, even before Golden's release, the respondent had moved for summary judgment on this claim on the grounds that Golden was simply not subject to the requirements. (*See* # 7 at 8) In his response, Golden argued that he asked in his petition that the sex offender classification be removed in its entirety, and "not contingent to Petitioner being released to state custody due to a detainer or any other reason." (Petitioner's Response in Opposition to Respondent's Memorandum in Support of Motion to Dismiss, or, in the Alternative, for Summary Judgment, # 8 at 14) However, given the respondent's concession that Golden is not subject to the notification or registration requirement post-incarceration, and Golden's actual release into state custody, the Court concludes that Golden would be unable to demonstrate an "actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7, 118 S.Ct. 978 (internal quotation marks and citation omitted).[8] The Court therefore recommends dismissing this claim as moot. Alternatively, nothing in the record suggests that Golden will be subject to the notification and registration requirement, and the Court recommends that summary judgment enter in favor of the respondent on this claim.

■ Finally, Golden asserts that his PSR contains incorrect information that led to his improper classification, and he asks this Court to enforce the correction of his PSR. (# 8 at 2) While perhaps not moot by dint of his release, the claim

---

8. In his response, Golden "adamantly [sic] requests that his central file be corrected in order to stop any erroneous information that might be leaked to the state authorities and cause him to be subjected under the state laws of Pennsylvania to register for another 10 years in error." (*See* # 8 at 15) The BOP's grant of administrative remedy to correct Golden's records to state that he is not subject to the requirements effectively grants this relief. Golden's claim that the Court must order correction of his central file to remove the sex offender status altogether in order to prevent a potential "leak" of information is too speculative to present a concrete case or controversy.

nevertheless fails. Golden himself denominates the claim as one pursuant to Fed. R.Crim.P. 32. (*See* # 1 at 16). However, Golden may not avoid the time limitations contained in Fed.R.Crim.P. 32 or Fed. R.Crim.P. 35 through a section 2241 petition. *See generally Gonzalez v. United States*, 150 F.Supp.2d 236, 242–243 (D.Mass.2001) (dismissing challenges to factual errors in PSR brought in section 2241 petition where the purported errors did not affect the execution of the sentence). To the extent that Golden alleges that the factual errors in the PSR[9] affected his classification in prison, those claims are moot as discussed above. Otherwise, Golden apparently eschewed opportunities to challenge or correct the alleged factual errors in his PSR in his direct criminal appeal, and in his previous section 2255 petition and he may not assert these challenges now.[10] *See id.* at 242–243; *see also United States v. Peloso*, 824 F.2d 914, 915 (11th Cir.1987) ("[I]n order to bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late.").

### IV. Conclusion and Recommendation

For the foregoing reasons, I RECOMMEND that the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (# 6) be ALLOWED.

### V. Review by the District Judge

The parties are hereby advised that pursuant to Rule 72, Fed.R.Civ.P., any party who objects to these recommendation, either in whole or in part, must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed.R.Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor*

---

**9.** Golden's claim here is not altogether clear. On the one hand, he complains that the BOP officials in classifying Golden as a sex offender relied on what Golden claims were erroneous faxed Pennsylvania court documents placing a detainer on petitioner for a Corruption of Minors conviction in the state. (*See* # 1 at 18) He also appears to challenge the BOP's reliance on information in the PSR establishing that Golden received a sentence enhancement for "employing a fifteen year old girl in a prostitution enterprise." (*See* # 1, Exh.B)

**10.** The First Circuit has suggested that "inaccuracies in a PSI Report may form the basis for a petition under 28 U.S.C. § 2255," *United States v. Angiulo*, 57 F.3d 38, 42 n. 6 (1st Cir.1995), and has noted that other courts "have suggested that such relief may be obtainable pursuant to 28 U.S.C. § 2241," *id.*

Golden here appears to complain that pending Pennsylvania state criminal charges were used to enhance his federal sentence, (*see* # 1 at 17, 19), and also to classify him as a sex offender while he was in prison. The former claim must be dismissed because a challenge to the validity of a sentence is brought pursuant to 28 U.S.C. § 2255 in the sentencing court, and Golden may not "evade the restrictions of § 2255 by resorting to § 2241." *Gonzalez v. United States*, 150 F.Supp.2d 236, 241 (D.Mass.2001) (citing *United States v. Barrett*, 178 F.3d 34, 50–52 (1st Cir.1999), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000)). The Court notes that Golden has filed at least one previous section 2255 petition. *See supra* note 6. The latter claim has been mooted by Golden's release.

*Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).